UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM J. SAUTER,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIGY RECEIVABLES INC. and<br>DELTA OUTSOURCE GROUP, INC.,<br><br>    Defendants. | CASE NO.   2:13-cv-151 |

## COMPLAINT

### I.   INTRODUCTION

1. This is an action to enjoin the violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by Defendants as to Plaintiff, William J. Sauter, for statutory and treble damages for violation of the TCPA by Defendants against Mr. Sauter, and for statutory and actual damages, costs of the action, a reasonable attorney's fee and all other damages allowed by law from Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 47 U.S.C. § 227, 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

### III.   PLAINTIFF

3. Plaintiff William J. Sauter is a natural person residing in Rockville, Indiana; at all times relevant herein, Mr. Sauter was a "person" as that term is defined in 47 U.S.C. § 153(39).

### IV.   DEFENDANTS

4. Defendant Credigy Receivables Inc. ("Credigy") is a for-profit foreign corporation with its principal place of business in Las Vegas, Nevada.

5. At all times referenced herein, Credigy was operating as a debt collector as defined by 15 U.S.C. § 1692a(6) and was a "person" as that term is defined in 47 U.S.C. § 153(39).

6. Defendant Delta Outsource Group, Inc. ("Delta") is a for-profit foreign corporation with its principal place of business in Lake Saint Louis, Missouri.

7. At all times referenced herein, Delta was operating as a debt collector as defined by 15 U.S.C. § 1692a(6) and was a "person" as that term is defined in 47 U.S.C. § 153(39).

## V.  STATEMENT OF FACTS

8. Prior to January 31, 2002, Mr. Sauter had a Discover Card credit card with a credit limit of $1000.

9. Mr. Sauter did not list his cellular telephone number on the credit card application or in any other way provide Discover Card with his cellular telephone number at any time.

10. Mr. Sauter used the credit card for personal, family or household purposes.

11. On or about January 31, 2002, Discover Card charged off an alleged debt of $2,917.90 from Mr. Sauter's use of the credit card.

12. Defendant Credigy acquired the debt after it was in default.

13. In September, 2012, Credigy caused collection letters to be sent to Mr. Sauter attempting to collect $14,656.72 from Mr. Sauter.

14. For about a three month period of time, beginning in approximately November, 2012, Delta, on behalf of Credigy, began making numerous non-emergency telephone calls to Mr. Sauter's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Mr. Sauther's prior express consent in an attempt to collect the Discover Card debt.

## VI.  CLAIMS FOR RELIEF

### A.  Telephone Consumer Protection Act

15. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through fourteen above.

16. Defendants violated the TCPA.  These violations include, but are not limited to:

    a. Calling Mr. Sauter at a telephone number assigned to a cellular telephone service using an automatic telephone dialing system or an artificial or prerecorded voice, not for emergency purposes, and without the prior express consent of Mr. Sauter.

17. The foregoing violations were knowing and willful.

18. As a result of these violations of the TCPA, Defendants are liable to Plaintiff for his statutory and treble damages and all other appropriate relief.

19. Plaintiff is entitled to an injunction ordering Defendants to cease violating the TCPA with regard to Plaintiff.

### B.  Fair Debt Collection Practices Act

20. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through fourteen above.

21. Defendants violated the Fair Debt Collection Practices Act.  These violations include, but are not limited to:

    a. Falsely representing the character, amount and legal status of a debt, in violation of 15 U.S.C. § 1692e; and

    b. Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f.

22. As a result of the violation of the Fair Debt Collection Practices Act, Defendants are liable to Plaintiff for his actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants in an amount that will compensate him for his actual damages, statutory damages, treble damages, costs, attorney fees and all other appropriate relief.

Respectfully submitted,

*s/ Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
380 Mount Zion Road, Suite C
Lebanon, IN 46052
800-817-0461
robert@robertdufflaw.com